## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50023 | **DATE** | February 22, 2008 |
| **CASE TITLE** | Earlie Span #N22957 v. Chadeck | | |

**DOCKET ENTRY TEXT:**

   Plaintiff's motion for leave to file *in forma pauperis* is granted.[3] The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $5.33 from Plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Dixon Correctional Center. The court dismisses the complaint without prejudice. Plaintiff is given until March 20, 2008, to submit an amended complaint or the court shall issue judgment dismissing this case. The clerk is directed to send one copy of the amended civil rights complaint form and instructions for filing along with a copy of this order. Plaintiff's motion for appointment of an attorney is denied without prejudice.[4]

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

   Plaintiff is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.33. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

   Plaintiff brings this *pro se* action pursuant to 42 U.S.C. §1983 complaining about medical care he received as a result of an injury to his hand, caused by a fight with another inmate. He complains primarily about the delay that occurred before he received medical treatment for his fractured hand. In the body of his complaint he fails to state which Defendant was responsible for each delay. Plaintiff is instructed to submit an amended complaint in which he clarifies which Defendant he alleges is responsible for each delay, and how they were deliberately indifferent to his health care.

| | Courtroom Deputy Initials: | ste |
|---|---|---|

**STATEMENT**

Further, he also sues an unnamed party, Dr. John Doe. He must attempt to find out the name of this doctor if he wishes to continue to include him in the complaint, and he must also say which delays were caused by this doctor, and how he was deliberately indifferent to Plaintiff's health care.

Plaintiff complains generally that he spoke to the Medical Administrator about his need for pain medication and also for clean dressings for his injury. Again he fails to state which Defendant he alleges was responsible for denying him both the pain medication and the clean dressings. He must name these Defendants in his amended complaint.

Plaintiff must submit an amended complaint. As with every document filed with the court, the Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. The Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The Plaintiff is advised to keep a copy for his files.

Plaintiff's motion for appointment of an attorney is denied without prejudice. The court does not find that Plaintiff has made a reasonable attempt to obtain counsel or that he has been effectively precluded from doing so; and further, the Plaintiff at this stage, appears competent to litigate it himself, *Farmer v. Haas*, 990 F. 2d 319, 321-22 (7th Cir. 1993). At this point it does not appear that the difficulty of the case exceeds his capacity as a layperson to coherently present it to the judge or jury himself. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007).

Plaintiff is given until March 20, 2008, to submit an amended complaint according to the court's instructions herein or the court shall issue judgment dismissing this case.